

**U.S. Department of Justice**

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 28, 2022

J. W. Carney, Jr.
Daniel Gaudet
Carney & Associates
20 Park Plaza, Suite 1405
Boston, MA 02116

    Re:    United States v. Mujab Mubarak
            Criminal No. 20-CR-10300-ADB

Dear Attorney Carney and Attorney Gaudet:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Mujab Mubarak ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1. <u>Change of Plea</u>

Defendant will plead guilty to Count One and Count Three of the Superseding Indictment:

- Count One, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, 100 Grams or More of Heroin, and 40 Grams or More of Fentanyl, in violation of 21 U.S.C. § 846; and

- Count Three, Using, and Carrying a Firearm During and in Relation to, and Possession a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c).

Defendant admits that Defendant committed the crimes specified in Count One and Count Three, and is in fact guilty of each one.

Upon acceptance of this plea agreement by the Court, and imposition at the sentencing hearing of sentence in accordance with the sentencing range set forth in paragraph 5, the government agrees to dismiss Count Two, alleging a violation of 18 U.S.C. § 924(c); and Count Four and Count Five, alleging violations of 18 U.S.C. § 922(g), of the Superseding Indictment.

1

2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties:

- Count One, a period of incarceration for at least five years, and up to 40 years in prison; a term of supervised release for at least four years and up to life; a fine of up to $5,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Indictment.

- Count Three, a period of incarceration of at least 60 months and up to life in prison, the sentence for this count is to be served from and after the term of imprisonment imposed for Count One; a term of supervised release of up to 5 years; a fine of up to $250,000; a mandatory special assessment of $100; and forfeiture to the extent alleged in the Superseding Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. <u>Sentencing Guidelines</u>

The government agrees to take the position, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 29:

(a) *Offense Level, Count One*:

1. Defendant's base offense level is 30, because Defendant is responsible for at least at least 1 kilogram but less than 3 kilograms of heroin (USSG §

2D1.1(c)(5)));[1] and

2. Defendant's offense level is increased by 2, because Defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b) (USSG § 3B1.1(c)).

(b) *Offense Level, Count Three:*

1. Defendant's guideline sentence is the minimum term of imprisonment required by statute (USSG § 2K2.4(b)), which is 60 months from and after the term of imprisonment imposed for Count One. *See* 18 U.S.C. § 924(c)(1)(A), (D).

(c) *Acceptance of Responsibility*

Based on Defendant's acceptance of personal responsibility for the offenses of conviction in this case, the U.S. Attorney agrees that the Court should reduce Defendant's Total Adjusted Offense Level by 3 levels under USSG § 3E1.1.

Defendant reserves the right to challenge the applicability of the above-stated offense level calculation, including specifically, the drug weight calculation for Count One set forth in paragraph 4, subsection (a). The Defendant agrees to take the position that the applicable drug weight is at least 100 grams of heroin (USSG § 2D1.1(c)(8)).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

The parties agree on the following sentence:

a) incarceration for 132 months;

---

[1] The Defendant's offense level is not increased by 2 for possession of a dangerous weapon (including a firearm) (USSG § 2D1.1(b)(1)) and is not increased by 2 for the use of violence (USSG § 2D1.1(b)(2)), because the Defendant is charged in Count Three with a violation of 18 U.S.C. § 924(c) relating to Count One. *See* USSG § 2K2.4, cmt. 4 ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.").

3

b) no fine;

c) 48 months of supervised release;

d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

e) forfeiture as set forth in Paragraph 8.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence</u>, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

4

7. Waiver of Hyde Amendment Claim

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. § 3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count Two, Count Four and Count Five.

8. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

   a. $24,695 in United States currency;
   b. four Louis Vuitton bags;
   c. one silver Rolex watch, model 116660, serial number 737857;
   d. one Audemars Picuet watch, J93349-Ae4081;
   e. one 2020 GMC Sierra 2500 HD Truck, MA license plate,1AND87, VIN: 1GT49REY1LF112866;
   f. one Louis Vuitton bag;
   g. one pair of Louis Vuitton sunglasses;
   h. one 2013 Harley Davidson FLHX motorcycle, MA license plate, 2C7906, VIN: 1HD1KBM17DB680386;
   i. one 2013 Harley Davidson FLTRX motorcycle, MA license plate, 2D3682, VIN: 1HD1KHM18DB634035;
   j. $365,594 in United States currency;
   k. one Rolex Watch, Model 6907, Serial Number 8196739
   l. a COP Inc., .357 caliber Derringer, bearing serial number 002464;
   m. five rounds of RP .357 magnum caliber ammunition;
   n. six rounds of RP .357 magnum caliber ammunition;
   o. one round of Hornady .38 SP ammunition;
   p. one round of PMG .38 SPL ammunition;
   q. one H&K, model P30 SK, 9mm pistol, bearing serial number 214-017644;
   r. ten rounds of 9mm ammunition; and
   s. eighty rounds of 9mm ammunition.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense, they were used to facilitate Defendant's offense, and they were involved in Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging

instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

10. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the

government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

12. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By: *(signature)*

Timothy E. Moran
Chief, Organized Crime and Gang Unit
Michael Crowley
Deputy Chief, Organized Crime and Gang Unit

*Philip A. Mallard*
Philip A. Mallard
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Mujab Mubarak
Defendant

Date: 2/1/23

I certify that Mujab Mubarak has read this Agreement and that we have discussed what it means. I believe Mujab Mubarak understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
J. W. Carney, Jr.
Daniel Gaudet
Attorneys for Defendant

Date: 2-3-23